UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN CARLOS MAJANO-PEREZ,<br><br>                        Petitioner,<br><br>v.<br><br>JOSEPH D. McDONALD, ET Al.,<br><br>                        Respondents. | Civil Action No. 1:25-cv-11134-IT |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONER'S
PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241**

Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this opposition to Petitioner Juan Carlos Majano-Perez' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). Doc. No. 1. Respondents respond to the Petition as contemplated by Rules 4 and 5 of the Federal Rules Governing Section 2254 cases.[1]

## INTRODUCTION

Petitioner's arrest and detention by U.S. Immigration and Customs Enforcement ("ICE") is fully supported by the Immigration and Nationality Act ("INA"), its implementing regulations, and the Constitution. While Petitioner claims that his arrest occurred without a warrant and that his detention is unjustified, ICE has the authority to arrest and detain petitioners in this situation. *See* 8 U.S.C. § 1226(a) and (b). Moreover, Petitioner has the right to seek release from the immigration court where his application for relief from removal is pending. *See* 8 C.F.R. §

---

[1] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition…"); *Vieira v. Moniz*, No. CV 19-12577-PBS, 2020 WL 488552, at *1 n.1 (D. Mass. Jan. 30, 2020) (evaluating the Government's response and dismissing habeas petition under Section 2254 Rules).

1003.19(a), et seq. Lastly, Petitioner may not assert a Fourth Amendment Constitutional claim in a habeas petition.

## BACKGROUND

**A. Petitioner's Immigration and Criminal History.**

Petitioner is a native and citizen of El Salvador. *See* Declaration of Acting Assistant Field Office Director Stephen Wells ("Wells Decl."), *Exhibit A*, ¶ 6. On August 4, 2010, Petitioner was encountered by Customs and Border Protection ("CBP") in Maine whereupon CBP placed Petitioner in removal proceedings through the issuance of a Notice to Appear ("NTA") under 8 U.S.C. § 1182(a)(6)(A)(i) for entering the United States without inspection or admission. *Id.,* ¶ 7. An immigration judge ("IJ") granted Petitioner's voluntary departure request on October 26, 2012, and Petitioner departed the United States on February 12, 2011. *Id.,* ¶ 8. On September 27, 2014, CBP again encountered Petitioner near Laredo, Texas, and issued Petitioner a second NTA charging him as illegally present under § 1182(a)(6)(A)(i). *Id.,* ¶ 9. On September 30, 2014, Petitioner was convicted of illegal reentry by the United States District Court for the Southern District of Texas and sentenced to 10 days imprisonment. *Id.,* ¶ 10. On October 21, 2014, Petitioner was released from custody after ICE Enforcement and Removal Operations ("ERO") granted Petitioner release on bond in the amount of $7500 bond. *Id.,* ¶¶11, 12. On September 30, 2015, the Petitioner appeared before the Immigration Court where the IJ reset his case for the filing of written pleadings admitting and conceding removability, and any applications for relief. *Id.,* ¶ 13.

On April 26, 2017, Petitioner filed an application for relief from removability and the IJ instructed Petitioner again to file written pleadings admitting and conceding removability to the charges in his NTA. *Id.,* ¶ 14. His removal proceedings (before the Immigration Court) have

been rescheduled several times due to the Court having insufficient time and the case being transferred to several IJs. *Id.,* ¶ 15.  On April 25, 2025, Petitioner was encountered by ERO officers. *Id.,* ¶ 16. During the encounter, ERO officers verified that Petitioner had failed to comply with 8 U.S.C. § 1305(a) since his release from custody in October 2014 and his bond was revoked,[2] thereunder. *Id.* ERO provided Petitioner with a form I-286, Notice of Custody Determination where ERO determined that he would be detained pursuant to 8 U.S.C. § 1226(a) as a flight risk. *Id.*  In the form I-286, Petitioner requested an IJ to review his custody determination. *Id.*  On April 29, 2025, ICE filed a motion to change venue to the Chelmsford Immigration Court, accompanied by the I-286, so Petitioner's removal proceedings will be placed on an expedited docket. *Id.*

### B. Petitioner's Habeas Petition.

Petitioner filed his Petition on April 26, 2025, and requests that this Court issue a writ of habeas corpus ordering his immediate release from ICE custody.  Doc. No. 1, ¶ 15, REQUEST FOR RELIEF.  Petitioner claims that his arrest and detention are unlawful under the Fourth and Fifth Amendments of the Constitution. *Id*, ¶ 13, GROUND ONE.  Petitioner maintains that he has a pending application for relief from removal before the Immigration Court, with a hearing on the application set for July 24, 2026.  *Id.*  He also has work authorization extending through November 5, 2029.  *Id.*  In sum, Petitioner seeks his immediate release from detention.  *Id*., ¶15, REQUEST FOR RELIEF.

---

[2] Under 8 U.S.C. § 1226(b), the Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest and detain the alien. Consistent with statutory authority, the relevant regulations explain that when a noncitizen is released on bond "such release may be revoked at any time in the discretion of [certain immigration officers], in which event the alien may be taken into physical custody and detained." *See* 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9).  When an alien is taken back into custody, "any outstanding bond shall be revoked and canceled." *Id.*

C. **Statutory Framework.**

The INA is a multi-layered statutory scheme for the civil detention of aliens pending a decision on removal, both during the administrative and judicial review of removal orders as well as in preparation for removal. *See generally* 8 U.S.C. §§ 1225, 1226, 1231. The time and circumstances of entry, as well as the stage of the removal process, determines where an alien falls within this scheme and whether detention of the noncitizen is discretionary or mandatory. For aliens apprehended after entering the United States at an unknown time (like Petitioner), § 1226 "generally governs the process of arresting and detaining . . . [noncitizens] pending their removal." *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018). Within § 1226, subsection (a) provides that an alien "*may* be arrested and detained pending a decision on whether the [alien] is to be removed from the United States." § 1226(a) (emphasis added). In contrast, if the alien has been convicted of certain enumerated criminal offenses, § 1226(c) mandates their detention during removal proceedings (though the alien may be released for certain witness-protection reasons). § 1226(c)(1)(A)-(D); § 1226(c)(2); *Demore v. Kim*, 538 U.S. 510, 513 (2003)).

a. **Discretionary Detention Under 8 U.S.C. § 1226(a)**

For individuals, like Petitioner, detained pursuant to § 1226(a), the government may detain the alien for the duration of the removal proceedings or release the noncitizen "on bond of at least $1,500" or conditional parole. *See* § 1226(a)(1)-(2). Per regulations, to be eligible for bond or conditional parole, the noncitizen "must demonstrate to the satisfaction of the [decision maker] that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8).

When an alien is taken into ICE custody under § 1226(a), an ICE official makes an initial custody determination, including the setting of a bond. *See* 8 C.F.R. §§ 236.1(c)(8), 236.1(d)(1). An ICE officer may "in the officer's discretion, release a [noncitizen]" provided that the [alien] demonstrates to the satisfaction of the officer that "such release would not pose a danger to property or persons, and that the [alien] is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If ICE determines that an alien should remain detained during the pendency of his removal proceedings, the noncitizen may request a custody redetermination hearing (colloquially called a "bond hearing") before an IJ. *See* 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d).

Upon a custody redetermination, the IJ may continue detention of the alien or release the alien on bond or conditional parole. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). However, the noncitizen does not have any *right* to release on bond. *Matter of D-J-*, 23 I&N Dec. 572, 575 (AG 2003); *Matter of Guerra,* 24 I. & N. Dec. 37, 39 (BIA 2006). IJs have broad discretion in deciding whether to release an alien on bond. *Guerra*, 24 I. & N. Dec. at 39. IJs consider multiple discretionary factors, including any information that the IJ may deem to be relevant. *Id*. at 40. These factors include: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, time since such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape authorities; and (9) the alien's manner of entry to the United States. *Id*. These factors are nonexclusive and the IJ has "broad discretion in deciding the factors [they] may consider in custody redeterminations . . .

5

and may give greater weight to one factor over others as long as the decision is reasonable." *Id*. Further, *Guerra* establishes the INA in no way "limit[s] the discretionary factors that may be considered" in bond determinations. 24 I. & N. Dec. at 39; *see also* 8 C.F.R. § 1003.19(d) (the regulations provide that "[t]he determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the [noncitizen] or [ICE].").

Although an IJ has broad discretion in deciding whether to grant a bond, a noncitizen "who presents a danger to persons or property should not be released during the pendency of removal proceedings." *Guerra*, 24 I&N Dec. at 38; *see also Matter of Urena,* 25 I&N Dec. 140, 141 (BIA 2009) ("Dangerous [noncitizens] are properly detained without bond."); *Matter of Siniauskas*, 27 I&N Dec. 207 (BIA 2018) (same).

### b. Judicial Review

The Attorney General's "discretionary judgment . . . regarding the detention or release of any [noncitizen] or the grant, revocation, or denial of bond or parole" is not reviewable by the courts. *See* 8 U.S.C. § 1226(e). As determined by the Supreme Court, the statute precludes an alien from "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Jennings*, 138 S. Ct. at 841 (quoting *Demore*, 538 U.S. at 516).

Similarly, 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of discretionary decisions including bond determinations under § 1226(a):

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be

6

>> in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

§ 1252(a)(2)(B)(ii). Courts are precluded under § 1252(a)(2)(B)(ii) from reviewing any "decision or action" that is committed to the agency's discretion by statute. *See Kucana v. Holder*, 558 U.S. 233, 241-52 (2009). The "key to [section] 1252(a)(2)(B)(ii) lies in its requirement that the discretion giving rise to the jurisdictional bar must be specified by statute, and that whether such a specification has been made is determined by examining the statute as a whole." *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 200 (3d Cir. 2006) (internal quotations omitted).

## ARGUMENT

A. **Petitioner is Lawfully Detained Pursuant to 8 U.S.C. § 1226(a).**

   a. **Section 1226(e) bars review of the decision to detain Petitioner.**

As noted above, Section 1226(e) serves as a jurisdictional bar that precludes district court review of Petitioner's claim of due process under the Fifth Amendment. The decision to detain Petitioner is governed by 8 U.S.C. § 1226(a), which is the discretionary detention statute that authorizes detention pending a final decision in removal proceedings. *See* 8 U.S.C. § 1226(a) (authorizing ICE to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States"). The INA explicitly bars judicial review of the discretionary decision over whether or not to detain someone placed in removal proceedings; more specifically, Section 1226(e) provides that: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). *See also Arevelo-Guasco v. Dubois,*

788 Fed. App'x 25, 26 (2d Cir. 2019) (under § 1226(b), the Attorney General may revoke bond authorized under subsection (a) and detain the alien thereunder, and where the habeas petition challenges the discretionary decision and not the "statutory framework" of the governing detention, court has no jurisdiction to review the Attorney General's decision under § 1226(e), citing *Demore v. Kim,* 538 U.S. 510, 516 (2003)); *Pensamiento v. McDonald,* 315 F. Supp. 3d 684, 688 (D. Mass. 2018, *appeal dismissed* No. 18-1691 (1st Cir. Dec. 26, 2018) (Congress has eliminated judicial review of discretionary custody determinations). Here, from what can be gleaned from the Petition, Petitioner is merely challenging ICE's discretionary decision to detain him and not the statutory framework surrounding his detention. As stated herein, Petitioner has the right to due process by seeking detention review with the Immigration Court, a right he appears to be exercising with the Immigration Court but, nonetheless, has also chosen to file prematurely for habeas relief with this Court requesting similar relief.[3]

        **b.**    **Petitioner Cannot Circumvent the Administrative Process Through Habeas.**

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The writ of habeas corpus and its protections are "strongest" when reviewing "the legality of Executive detention." *INS v. St. Cyr.*, 533 U.S. 289, 301 (2001). Therefore, the traditional function of the writ is to seek one's release from unlawful detention. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Petitioner may seek "simple release", which is what it appears his habeas is aimed to do. *See Thuraissigiam*, 591 U.S. at 119 ("Claims so far outside the core of habeas may not be pursued through habeas.") (internal quotations and citations omitted).

---

[3] Omitted from the Petition is the fact that Petitioner is currently seeking the exact same relief from the Immigration Court; namely, release from detention. *See* Wells Decl., *Exhibit A,* ¶ 17.

8

That being said, an alien seeking release from § 1226(a) discretionary detention should first exercise that request for release with the Immigration Court. *See* 8 C.F.R. § 1003.19(a)[4] and (h)(2)(ii). There, an IJ decides whether the alien detained under § 1226(a) poses a danger to the community or is a flight risk. *See Hernandez-Lara v. Lyons,* 10 F.4th 19, 27 (1st Cir. 2021), citing *Matter of R-A-V-P,* 27 I. & N. Dec. 803, 804 (B.I.A. 2020). If dissatisfied with the IJ's ruling, a party may seek appeal of that determination to the BIA. *See* 8 C.F.R. § 1003.19(f). Nevertheless, despite Petitioner being currently before the Immigration Court with a pending merit hearing on his application for relief from removal, he has elected to seek *dual* relief from detainment; that is, contemporaneously filing for relief from an IJ at the Immigration Court, as well as a habeas petition with this Court.[5] Certainly, Petitioner cannot, in good faith, assert a bond release determination by an IJ in his case would be futile. This Court should not reward such procedural play. *See, e.g., Carranza v. I.N.S.,* 111 F. Supp. 2d 60, 65 (D. Mass. 2000) (INS criminal detainee's request of court to release him on bail under habeas was barred as he failed to exhaust his administrative remedies). *See also Jean-Claude W. v. Anderson*, No. 19-16282 (KM), 2021 WL 82250, at *2 (D.N.J. Jan. 11, 2021) ("To have jurisdiction to consider whether [petitioner] was denied due process, … I must confirm that [petitioner] has exhausted all available administrative remedies; if he has not, then I cannot review the merits of his claim." (citing *Yi v. Maugans*, 24 F.3d 500, 503–04 (3d Cir. 1994); *Okonkwo v. INS*, 69 F. App'x 57, 59–60 (3d Cir. 2003))). "Because the exhaustion requirement is jurisdictional, the failure of a habeas petitioner to present his [or her]

---

[4] Under 8 C.F.R. § 1003.19(a), custody and bond determinations made by the service pursuant to 8 C.F.R. Part 1236 may be reviewed by an IJ pursuant to part 1236.

[5] Without undue repetition, Petitioner, once presented with the initial determination by ICE to detain, he signed the I-286 form requesting a bond hearing with the Immigration Court. That request is currently in process at the Immigration Court. *See* Wells Decl., *Exhibit A,* ¶ 17. Furthermore, Petitioner can file a Motion with the Immigration Court seeking an expedited hearing.

9

claims first to the immigration courts is 'fatal to the District Court's jurisdiction over [the petitioner's] habeas petition.'" *Jelani B. v. Anderson*, No. 20-6459 (SDW), 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (quoting *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).  In short, any relief sought in the Petition is premature.

### B. Petitioner's Due Process Claim Fails.

Petitioner asserts that his detention violates the due process Clause of the Fifth Amendment.  *See* Dkt. No. 1, ¶ 13, GROUND ONE.  However, noticeably absent from his Petition is any mention that he has due process in seeking release, as articulated above, from the Immigration Court.  Indeed, as noted by the First Circuit and this Court, once an ICE arresting officer determines that an alien should be detained under § 1226(a), that individual has the right to seek a redetermination of that decision with the Immigration Court under 8 C.F.R. § 1003.19(a).  *See Hernandez-Lara,* 10 F.4th at 27*; Dambrosio v. McDonald,* No. 25-cv-10782-FDS, 2025 WL 1070058, at *2 (D. Mass. Apr. 9, 2025) (under § 1226(a), the Attorney General may release a detained alien on bond or conditional parole and, if denied, the noncitizen is entitled to an individualized bond hearing with the immigration court to determine whether release is appropriate pending removal).  Here, the Petitioner has exercised his rights with the Immigration Court.  *See* Wells Decl., *Exhibit A,* ¶ 17.   Simply put, Petitioner has not stated a claim of deprivation of rights when he has availed himself of the rights provided to him under the applicable statute and regulations.

### C. Petitioner's Fourth Amendment Claim Fails.

Petitioner also claims that ICE violated his Fourth Amendment rights by arresting him without a warrant.  *See* Doc. No. 1, ¶ 13, GROUND ONE.  However, Petitioner provides no caselaw in support of his claim that an order of release via a habeas petition would be the proper

remedy for an alleged Fourth Amendment violation. District courts routinely hold that even assuming a Fourth Amendment violation occurred when a habeas petitioner was arrested by ICE, a habeas action is not the proper means to seek a remedy and release is not an appropriate remedy because an individual's identity and their immigration status cannot be suppressed. *See, e.g.*, *H.N. v. Warden, Stewart Det. Ctr.*, No. 7:21-CV-59-HL-MSH, 2021 WL 4203232, at *5 (M.D. Ga. Sept. 15, 2021) (Explaining that "even if the Court accepted Petitioner's argument that his initial detention was somehow unlawful, he is still not entitled to habeas relief."); *Jorge S. v. Sec'y of Homeland Sec.*, No. 18-CV-1842 (SRN/HB), 2018 WL 6332717, at *4 (D. Minn. Nov. 15, 2018), *report and recommendation adopted*, No. 18-CV-1842 (SRN/HB), 2018 WL 6332507 (D. Minn. Dec. 4, 2018) ("Release from Jorge S.'s *current* detention because his detention *previously* had been unlawful would be a remedy ill-fitted to the specific injury alleged.") (emphasis in original); *Amezcua-Gonzalez v. Lobato*, No. C16-979-RAJ-JPD, 2016 WL 6892934, at *2 (W.D. Wash. Oct. 6, 2016), *report and recommendation adopted sub nom. Amezcua–Gonzalez v. Lobato*, No. C16-979-RAJ, 2016 WL 6892547 (W.D. Wash. Nov. 22, 2016) (Finding that "even if petitioner's arrest amounts to an egregious Fourth Amendment violation, he is not entitled to habeas relief, and his petition should be denied.").

In other words, habeas relief is not a proper remedy even assuming a Fourth Amendment violation occurred, which it did not here. *See also Abel v. United States,* 362 U.S. 217, 230 (1960) ("Statues authorizing administrative arrest to achieve detention pending deportation have the sanction of time."); *Perez-Ramirez v. Norwood,* 322 F. Supp. 3d 1169, 1172 (D. Kan. 2018) (denying habeas petition and finding no Fourth Amendment violation because "the legality of an arrest of an alien based upon a civil immigration violation is well-established.").

As such, Petitioner's meritless Fourth Amendment claim should be rejected.

## **CONCLUSION**

For the reasons set forth above, the Petition should be denied.

                                             Respectfully submitted,

                                             LEAH B. FOLEY
                                             United States Attorney

Dated: May 2, 2025                By:    */s/ Michael Sady*
                                                   MICHAEL SADY
                                                   Assistant United States Attorneys
                                                   United States Attorney's Office
                                                   1 Courthouse Way, Suite 9200
                                                   Boston, MA 02210
                                                   Tel.: 617-748-3100
                                                   Email: michael.sady@usdoj.gov